## In re GAY & STURGIS.

(District Court, D. Massachusetts. February 24, 1916.)

### No. 20856.

BANKRUPTCY ⊙⟶348—PREFERRED CLAIMS—"WAGES"—"WORKMAN, CLERK, OR SERVANT."

A mining engineer, employed at a salary of $4,000 per annum, whose duty was to advise and assist the superintendent in developing and operating the mine, cannot claim priority for unpaid salary, under Bankr. Act July.1, 1898, c. 541, § 64b (4), 30 Stat. 563 (Comp. St. 1913, § 9648), as wages due a workman, clerk, or servant for his salary was not "wages," and the engineer, being a professional man, not occupying a subordinate position, was not a "workman, clerk, or servant."

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 536; Dec. Dig. ⊙⟶348.

For other definitions, see Words and Phrases, First and Second Series, Clerk; Servant; Workman.]

In Bankruptcy. In the matter of Gay & Sturgis, bankrupts. The claim for priority for unpaid salary by an employé of the bankrupts was by order of the referee disallowed as a preferred claim, and the claimant petitions for review. Affirmed.

See, also, 224 Fed. 127.

Fred W. Fisher, of Boston, Mass., for creditor.
Carleton Hunneman, of Boston, Mass., for trustees.

MORTON, District Judge. The claimant was employed by the bankrupts as a mining engineer, at a salary of $4,000 per annum, payable monthly. His duty was to "advise and assist the superintendent in developing and operating the mine." (Referee's report.) In connection with this work he explored the mine, prepared plans, made cost sheets and forms for pay rolls, inspected the mine and machinery, and saw to it that the various appliances were safe and in proper condition. He claims that his salary, unpaid at the time of the bankruptcy, is entitled to priority under section 64b (4), as being "wages due to a workman, clerk or servant."

In a sense, everybody who works may be said to be a workman, and everybody who serves to be a servant; but as used in this section the words have a much narrower meaning, and include only those who work, labor or serve in a more or less subordinate capacity. Remington on Bankruptcy (2d Ed.) §§ 2169–2176, reviewing decisions. I doubt whether the earnings of a professional man, employed primarily because of his learning and his ability to advise helpfully, are properly described as "wages"; and I do not think that the man himself is a "workman, clerk or servant," within this section.

The order of the referee, disallowing the claim as preferred, was right, and is affirmed.